# EXHIBIT 2

**From:** Sam Posthuma
**To:** contact@histrips.com; David, Dawn M.
**Cc:** Shirreff, Elizabeth M.; Saugstad, Carly
**Subject:** RE: Letter re: Infringement of Intake"s IP Rights [QBLLP-ACTIVE.FID60443328]
**Date:** Thursday, February 19, 2026 1:02:13 AM

---

We don’t deny that the product and our socials are live yea, ofcourse they are, but we do NOT ship to the US anymore.

Why do you keep mentioning ‘globally / worldwide’ as we are allowed to sell in for example spain right? please explain this part to me

Wishing you the best,

Photo

**Sam Posthuma**
Founder & Enthusiast
+31 6 247 808 57

On 19 Feb 2026 at 07:59 +0100, David, Dawn M. <dawn.david@quarles.com>, wrote:

> Hi Sam,
>
> We have already preserved evidence of your sales throughout the United States and elsewhere. And you do not—nor can you—deny that your websites, listings, social, etc. are still up, offering the infringing product for sale (including around the world), which still constitutes willful patent infringement. Nor can you deny that your advertisements use Intake’s copyrighted images and derivatives thereof without authorization. And Intake is therefore also entitled to statutory damages.
>
> Regards,
>
> Dawn
>
> <image003.png>
> **Dawn M. David | Partner**
> dawn.david@quarles.com | D. 414-277-5342
> Quarles & Brady LLP
> 411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
> Bio | quarles.com | LinkedIn
> Assistant: Carly Saugstad, 414-277-5302

**From:** Sam Posthuma <sam@future-labs.co>
**Sent:** Thursday, February 19, 2026 12:48 AM
**To:** contact@histrips.com; David, Dawn M. <dawn.david@quarles.com>
**Cc:** Shirreff, Elizabeth M. <elizabeth.shirreff@quarles.com>; Saugstad, Carly <carly.saugstad@quarles.com>
**Subject:** RE: Letter re: Infringement of Intake's IP Rights [QBLLP-ACTIVE.FID60443328]

Hi Dawn,

It's untrue what you are saying,

1. Try to checkout, it should not be possible, we blocked the US from checking out this product. This means we are not selling in the US (see screenshot - it is excluded form our shipping catalog there)
2. We were not aware of the patent untill you emailed us and we did some research, so we definitely did not willingfully do this, we would never take this risk
3. What other countries do you have patent in? Pls kindly share a full list so we can take it offline there too.

Wishing you the best,

<image004.png> **Sam Posthuma**
Founder & Enthusiast
+31 6 247 808 57

On 19 Feb 2026 at 07:37 +0100, David, Dawn M. <dawn.david@quarles.com>, wrote:

> Sam,
>
> A website selling a product constitutes an advertisement (see screenshots of your infringing advertisements below, also shown in our letter and complaint). The images

below prove indisputably that you are offering to sell and selling the infringing products in the U.S., including by advertising with infringing copyrighted images and with an infringing trade dress design.

Patent infringement happens when you do any one or more of the following: make, use, sell, offer to sell, or import into the U.S. a patented product without authorization. Your website and shopify listing sells the product in the U.S.; your website and shopify listing advertises—i.e., offers the infringing products for sale—in the U.S.; your website and shopify listing shows your use in the U.S.; and you import those products that are sold here into the U.S. That is all a violation of Intake's patent rights. And Intake has patents rights across the globe, which they will also assert if you infringe and/or continue to infringe anywhere else, including by selling and advertising (having any webpage offering for sale) a magnetic nasal dilation system. Because you knew of the patents, any damages can be tripled because that type of infringement is willful.

Not only that, but, along with other IP rights you're infringing—as shown in our letter and complaint—you are also using and blatantly infringing Intake's registered copyrights. It is copyright infringement to use someone else's image, even altered versions of another's images. By statute, Intake may seek and recover $150,000 USD *per infringing image* that you took and used without authorization.

Shopify from today (selling and advertising):

<image005.png>

Your website from today (selling and advertising):

<image001.png>

You have improperly pushed back on takedown efforts, including on Shopify, continue to have your website up and sell around the world, and are falsely alleging you don't sell and advertise the infringing products, which you plainly do as shown above. Unfortunately, if you do not wish to incur the cost of litigation in federal court, you will need to immediately comply with our demands, including without limitation taking this product entirely off the internet, not selling in any physical locations, not advertising anywhere including on your website, on third party websites, on social media accounts, on online marketplaces, or on platforms like Shopify or anywhere else, sharing your supplier's contact information in China, and providing monetary relief for your willful infringement.

Regards,

Dawn

<image002.png>
**Dawn M. David | Partner**
dawn.david@quarles.com | D. 414-277-5342
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
Bio | quarles.com | LinkedIn
Assistant: Carly Saugstad, 414-277-5302

---

**From:** Sam Posthuma <sam@future-labs.co>
**Sent:** Tuesday, February 17, 2026 11:59 PM
**To:** contact@histrips.com; sam.posthuma@future-labs.co; David, Dawn M. <dawn.david@quarles.com>
**Cc:** Shirreff, Elizabeth M. <elizabeth.shirreff@quarles.com>; Saugstad, Carly <carly.saugstad@quarles.com>
**Subject:** RE: Letter re: Infringement of Intake's IP Rights [QBLLP-ACTIVE.FID60443328]

Hi Dawn,

This is not true, there is 0 ads live in the US right now, I can even give you access to our ad account to confirm and see that. We worked with some agencies and now also instructed them to stop any form of advertising if they even did.

We are willing to comply with your wishes and share potential contacts in China where we bought the items from. It is just simply impossible to give monetary relief as we are not even close of having such funds ready, but any other requests we are here to help.

Wishing you the best,

**Sam Posthuma**
<image003.png> Founder & Enthusiast

On 18 Feb 2026 at 06:14 +0100, David, Dawn M. <dawn.david@quarles.com>, wrote:

Dear Mr. Posthuma,

Your email is demonstrably false. Contrary to your claim that you are not "live in the US" with "active selling" and "ads," the evidence in our complaint and letter plainly establishes that you are, in fact, actively advertising, offering for sale, and selling HiStrips products throughout the United States. You are also using and importing into the United States the infringing HiStrips products. This conduct constitutes willful infringement of Intake's patent rights, trade dress rights, and copyrights, and is causing irreparable harm to Intake.

It appears you are unwilling to comply with our demands to remedy your willful infringement or even discuss the issue in good faith. Thus, we must seek the court's assistance and proceed with formal service of the complaint filed against you in federal court where we will aggressively pursue all available remedies, including enhanced damages for willful infringement, attorneys' fees, and injunctive relief.

Regards,

Dawn

<image001.png>
**Dawn M. David | Partner**
dawn.david@quarles.com | D. 414-277-5342
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
Bio | quarles.com | LinkedIn
Assistant: Carly Saugstad, 414-277-5302

---

**From:** Sam Posthuma <sam@future-labs.co>
**Sent:** Sunday, February 15, 2026 4:27 AM
**To:** contact@histrips.com; sam.posthuma@future-labs.co; David, Dawn M. <dawn.david@quarles.com>
**Cc:** Shirreff, Elizabeth M. <elizabeth.shirreff@quarles.com>; Saugstad, Carly

<carly.saugstad@quarles.com>
**Subject:** Re: Letter re: Infringement of Intake's IP Rights [QBLLP-ACTIVE.FID60443328]

Hi,

We are aware of the US Patent and we never went live in the US with active selling, no ads, nothing, we will now try and make it impossible to even order in the US. Thanks.

If you have IP rights somewhere else pls let us know.

On 11 Feb 2026 at 02:33 +0100, David, Dawn M. <dawn.david@quarles.com>, wrote:

> Dear Mr. Posthuma,
>
> Please see the attached letter sent on behalf of Intake Breathing Technology LLC.
>
> Regards,
>
> Dawn
>
> <image001.png>
> **Dawn M. David | Partner**
> dawn.david@quarles.com | D. 414-277-5342
> Quarles & Brady LLP
> 411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
> Bio | quarles.com | LinkedIn
> Assistant: Carly Saugstad, 414-277-5302
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.
>
> <quarles_200.pnginline1>
> **Dawn M. David | Partner**

dawn.david@quarles.com | D. 414-277-5342
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
Bio | quarles.com | LinkedIn
Assistant: Carly Saugstad, 414-277-5302

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.

<image002.png>

**Dawn M. David | Partner**
dawn.david@quarles.com | D. 414-277-5342
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
Bio | quarles.com | LinkedIn
Assistant: Carly Saugstad, 414-277-5302