**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTAKE BREATHING TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STAY LIMITLESS LLC D/B/A/ HISTRIPS,<br><br>Defendant. | C.A. No. 26-152-JLH<br><br>JURY TRIAL DEMANDED |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT STAY LIMITLESS LLC D/B/A HISTRIPS

## I. INTRODUCTION

Plaintiff Intake Breathing Technology, LLC ("Intake" or "Plaintiff") respectfully moves this Court for leave to file supplemental evidence in further support of its pending Motion for Default Judgment Against Defendant Stay Limitless LLC d/b/a HiStrips (D.I. 13-16) (the "Default Judgment Motion"), filed on March 31, 2026

Since the filing of the Default Judgment Motion, Plaintiff has obtained additional evidence from its counsel in the UK—who is attempting to address additional infringement overseas by Defendant—that is directly relevant to the Court's consideration of that Motion. Specifically, Plaintiff has obtained email correspondence from Defendant's CEO and co-founder, Sam Posthuma, concerning his whereabouts, residence, and ability to be located or held accountable. In that correspondence, dated May 27, 2026, Mr. Posthuma states that he is a "digital nomad," that he "travel[s] around and stay[s] in friends places," that he does "not have an apartment," and that he is "currently . . . staying in Bali, Indonesia." Mr. Posthuma also disputes service of a letter at the Dubai address previously associated with him and asserts that the signature on the receipt of

service was not his, even though a reputable service agency hired by Intake's counsel compared the person who signed with social media representations of the same person. The correspondence further reflects that counsel advised Mr. Posthuma that service agents had confirmed the letter was received and signed by a person identifying himself as Sam Posthuma, and that the recipient matched the person shown on publicly available social media accounts, including Mr. Posthuma's Instagram profile. This supplemental evidence further supports the relief requested in the Default Judgment Motion and is submitted herewith as Exhibit A.

## II. PROCEDURAL BACKGROUND

Intake filed its initial Complaint in this action on February 10, 2026 (D.I. 1) and its First Amended Complaint on February 19, 2026 (D.I. 8). Intake served Defendant with the First Amended Complaint on February 20, 2026 (D.I. 10). Despite proper service, Defendant failed to answer or otherwise respond to the First Amended Complaint.

On March 16, 2026, Intake requested entry of default (D.I. 11). The Clerk entered default against Defendant on March 31, 2026 (D.I. 12). On March 31, 2026, Intake filed its Motion for Default Judgment, seeking, inter alia, permanent injunctive relief, monetary damages for copyright infringement ($360,000), patent infringement ($450,000), and trade dress infringement ($250,000), as well as attorneys' fees and costs. (D.I. 13 through D.I. 16).

Plaintiff served its Default Judgment Motion on Defendant's registered agent. (D.I. 13-16.) On April 1, 2026, Plaintiff also served the Clerk's Entry of Default on Defendant's registered agent. (D.I. 17.) To date, Defendant has not moved to set aside the Entry of Default, responded to the Motion, or otherwise entered an appearance. As to the Default Judgment Motion, Defendant's response deadline was April 17, 2026 at the latest under D. Del. LR 7.1.2(b)/Fed. R. Civ. P. 6(d), which has long passed.

Plaintiff has obtained supplemental email correspondence dated May 27, 2026 that is

material to the Court's determination of the pending Default Judgment Motion.

## III. ARGUMENT

### A. Leave to File Supplemental Evidence Is Appropriate.

Courts in this District have broad discretion to permit the submission of supplemental evidence in support of pending motions where the evidence is material and relevant. *See, e.g., St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013); D. Del. L.R. 7.1.2(b); *see also* Fed. R. Civ. P. 55(b)(2) (granting courts discretion to receive evidence on default judgment motions). Leave to supplement is particularly appropriate where, as here, the evidence post-dates or was unavailable at the time of the original motion filing, and bears directly on issues before the Court.

Here, the supplemental evidence is directly relevant to the Court's resolution of the pending Default Judgment Motion because it bears on Defendant's culpable and evasive conduct, the need for enforceable injunctive relief, and the practical need for entry of judgment. Mr. Posthuma's statements that he has no fixed residence or apartment, is a "digital nomad," and is currently staying in Bali, Indonesia, further demonstrate why Defendant cannot be relied upon to appear voluntarily, cease infringing conduct, or remain readily locatable without prompt Court intervention. The same correspondence also shows that, when confronted with service at the Dubai address, Mr. Posthuma attempted to distance himself from that address and disputed the signature on the service receipt, even after counsel advised that the service agents confirmed the recipient identified himself as Sam Posthuma and matched Mr. Posthuma's public social media profile.

Taken together, the correspondence supports the reasonable inference that Mr. Posthuma is not merely difficult to locate or hold accountable, but is seeking to evade responsibility for Defendant's conduct. After Defendant failed to appear in this action, Mr. Posthuma attempted to disavow the address where he was found, denied the service receipt despite the service agents'

identification, and described himself as having no fixed residence. Those facts reinforce Plaintiff's showing that Defendant's non-participation is culpable, that further delay would prejudice Plaintiff, and that prompt entry of default judgment and permanent injunctive relief are necessary to prevent Defendant from continuing to avoid accountability.

The supplemental evidence will not prejudice Defendant, who has failed to answer, appear, or otherwise participate in this litigation despite proper service and months of correspondence with Intake's U.S and U.K. counsel regarding his ongoing infringement. The evidence is offered solely to assist the Court in evaluating the relief requested in the Default Judgment Motion and does not alter the claims or relief sought therein.

**B. Description of Supplemental Evidence**

The supplemental evidence Plaintiff seeks leave to file consists of the following:

- **Exhibit A**: Email correspondence dated May 27, 2026 in which Mr. Posthuma disputes service-related facts, denies having an apartment or fixed residence, states that he is a "digital nomad," states that he sometimes stays in Dubai, and states that he is currently staying in Bali, Indonesia, where the same email chain informs Mr. Posthuma that service agents confirmed the letter was received and signed by a person identifying himself as Sam Posthuma who matched Mr. Posthuma's public social media profile.

This evidence further demonstrates Defendant's continuing evasiveness and disregard for these proceedings, and it supports Plaintiff's request for default judgment, permanent injunctive relief, monetary damages, and attorneys' fees and costs.

**IV. REQUEST FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and consider the attached supplemental evidence (Exhibit A) in ruling on Plaintiff's pending Motion for Default Judgment Against Defendant Stay Limitless LLC d/b/a HiStrips.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: June 29, 2026

By: *<u>/s/ Anne Shea Gaza</u>*

Anne Shea Gaza (No. 4093)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com

*Attorneys for Plaintiff Intake Breathing Technology, LLC*

OF COUNSEL:

Dawn M. David
QUARLES & BRADY LLP
411 E Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
(414) 277-5000
dawn.david@quarles.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTAKE BREATHING TECHNOLOGY, LLC,<br>Plaintiff,<br>v.<br>STAY LIMITLESS LLC D/B/A/ HISTRIPS,<br>Defendant. | C.A. No. 26-152-JLH<br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was caused to be filed with the Court and served on the registered agent of Stay Limitless LLC d/b/a HiStrips, this 29th day of June 2026, by U.S. Mail, first class, postage prepaid, as follows:

Stay Limitless LLC d/b/a HiStrips
c/o Registered Agent, ZenBusiness Inc.
611 South DuPont Highway, Suite 102
Dover, DE 19901

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)