# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTAKE BREATHING TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STAY LIMITLESS LLC D/B/A/ HISTRIPS,<br><br>Defendant. | C.A. No. 26-152-JLH |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION**
**FOR DEFAULT JUDGMENT**

Upon consideration of Plaintiff Intake Breathing Technology LLC's Motion for Default Judgment, Damages and Permanent Injunction pursuant to Fed. R. Civ. P. 55(b) against Defendant Stay Limitless LLC d/b/a HiStrips (D.I. 13) ("Motion"), the papers submitted in connection therewith (D.I. 14-16), and the e-mail correspondence with Defendant's CEO and co-founder attached as Exhibit A to its motion for leave to file supplemental evidence (D.I. 18, Ex. A), IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Plaintiff's Motion is GRANTED in its entirety.

2. Defendant has been properly served with the Summons and Complaint, has failed to answer or otherwise respond, and is in default.

3. The Clerk properly entered default on March 31, 2026.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the copyright laws of the United States, 17 U.S.C. §§ 101 et seq.

5. The Court has personal jurisdiction over HiStrips because it is incorporated within

the State of Delaware.

6. A default judgment is entered in favor of Plaintiff Intake Breathing Technology, LLC and against Defendant Stay Limitless LLC b/d/a/ HiStrips.

7. Defendant is permanently enjoined from:

a. Using Plaintiff's copyrighted images and Plaintiff's trade dress, including without limitation in Defendant's marketing and advertising for its products, whether on Defendant's website, in its product packaging, or in any other forum;

b. Making, using, offering for sale, selling, and/or importing into the United States for subsequent sale any products that infringe U.S. Patent Nos. 10,657,174; 10,556,095; and 9,510,969, including but not limited to Defendant's "HiStrips Magnetic Nasal Strip" and "HiStrip Nasal Tabs;"

c. Marketing, selling, and/or offering for sale any products that are identical to or confusingly similar to Plaintiff's trade dress in its nasal dilator system and/or its component parts (*i.e.*, the Relief Band, magnetic applicator, and/or nasal adhesive tabs); and

d. Committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff.

8. Pursuant to 17 U.S.C. § 504(c), Plaintiff is awarded $90,000 for each of Plaintiff's four copyrighted works Defendant copied to create its infringing derivatives, for a total of $360,000 is statutory damages for Defendant's willful copyright infringement.

9. Pursuant to 35 U.S.C § 284, Plaintiff is awarded damages equal to a reasonable royalty from Defendant in the amount of $450,000 for Defendant's willful infringement of Plaintiff's three asserted patents, U.S. Patent Nos. 10,657,174; 10,556,095; and 9,510,969.

10. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is awarded $250,000 in actual damages including lost sales, increased advertising costs, and corrective advertising, for Defendant's willful infringement of Plaintiff's trade dress in violation of 15 U.S.C. § 1125(a).

11. Pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a), and, because the Court finds this case to be exceptional, pursuant to 35 U.S.C. § 285, Plaintiff is awarded its reasonable attorneys' fees and costs, to be submitted to the Court following the issuance of this Order.

12. Plaintiff shall have a duly licensed process server formally serve a copy of this Order on Defendant's registered agent no later than thirty (30) days after the date of this Order. A certificate of service shall be filed with the Court.

13. The Court retains jurisdiction of this action for enforcement of this Order and Permanent Injunction.

IT IS SO ORDERED this _________ day of ____________, 2026.

_________________________________
Jennifer L. Hall
United States District Judge

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTAKE BREATHING TECHNOLOGY, LLC,<br>Plaintiff,<br>v.<br>STAY LIMITLESS LLC D/B/A/ HISTRIPS,<br>Defendant. | C.A. No. 26-152-JLH |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION**
**FOR DEFAULT JUDGMENT**

Upon consideration of Plaintiff Intake Breathing Technology LLC's Motion for Default Judgment, Damages and Permanent Injunction pursuant to Fed. R. Civ. P. 55(b) against Defendant Stay Limitless LLC d/b/a HiStrips (D.I. 13) ("Motion"), the papers submitted in connection therewith (D.I. 14-16), and the e-mail correspondence with Defendant's CEO and co-founder attached as Exhibit A to its motion for leave to file supplemental evidence (D.I. 18, Ex. A), IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Plaintiff's ~~motion~~Motion is GRANTED in its entirety.

2. Defendant has been properly served with the Summons and Complaint, has failed to answer or otherwise respond, and is in default.

3. The Clerk properly entered default on March 31, 2026.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the copyright laws of the United States, 17 U.S.C. §§ 101 et seq.

5. The Court has personal jurisdiction over HiStrips because it is incorporated within

the State of Delaware.

6. A default judgment is entered in favor of Plaintiff Intake Breathing Technology, LLC and against Defendant Stay Limitless LLC b/d/a/ HiStrips.

7. Defendant is permanently enjoined from:

a. Using Plaintiff's copyrighted images and Plaintiff's trade dress, including without limitation in Defendant's marketing and advertising for its products, whether on Defendant's website, in its product packaging, or in any other forum;

b. Making, using, offering for sale, selling, and/or importing into the United States for subsequent sale any products that infringe U.S. Patent Nos. 10,657,174; 10,556,095; and 9,510,969, including but not limited to Defendant's "HiStrips Magnetic Nasal Strip" and "HiStrip Nasal Tabs;"

c. Marketing, selling, and/or offering for sale any products that are identical to or confusingly similar to Plaintiff's trade dress in its nasal dilator system and/or its component parts (*i.e.*, the Relief Band, magnetic applicator, and/or nasal adhesive tabs); and

d. Committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff.

8. Pursuant to 17 U.S.C. § 504(c), Plaintiff is awarded $90,000 for each of Plaintiff's four copyrighted works Defendant copied to create its infringing derivatives, for a total of $360,000 is statutory damages for Defendant's willful copyright infringement.

9. Pursuant to 35 U.S.C § 284, Plaintiff is awarded damages equal to a reasonable royalty from Defendant in the amount of $450,000 for Defendant's willful infringement of Plaintiff's three asserted patents, U.S. Patent Nos. 10,657,174; 10,556,095; and 9,510,969.

10. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is awarded $250,000 in actual damages including lost sales, increased advertising costs, and corrective advertising, for Defendant's willful infringement of Plaintiff's trade dress in violation of 15 U.S.C. § 1125(a).

11. Pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a), and, because the Court finds this case to be exceptional, pursuant to 35 U.S.C. § 285, Plaintiff is awarded its reasonable attorneys' fees and costs, to be submitted to the Court following the issuance of this Order.

12. Plaintiff shall have a duly licensed process server formally serve a copy of this Order on Defendant's registered agent no later than thirty (30) days after the date of this Order. A certificate of service shall be filed with the Court.

13. The Court retains jurisdiction of this action for enforcement of this Order and Permanent Injunction.

IT IS SO ORDERED this _________ day of ____________, 2026.

____________________________________

Jennifer L. Hall
United States District Judge